UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P155-R

**HARGUS WAYNE GABBARD**                                                                          **PLAINTIFF**

v.

**GLENN E. HAEBERLIN,** *et al.*                                                                  **DEFENDANTS**

**OPINION**

The plaintiff, Hargus Wayne Gabbard, filed the instant action pursuant to 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to set forth a cognizable claim under § 1983, the court will dismiss his complaint.

**I. SUMMARY OF CLAIMS**

The plaintiff is an inmate currently confined at the Kentucky State Penitentiary ("KSP"). He sued three KSP officials, charging them with being deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from the infliction of cruel and unusual punishment. Named as defendants in his complaint are Warden Glenn Haeberlin, Dr. Steve Hiland, and Nurse Chanin Highland.

On November 25, 2004,[1] the plaintiff sustained an injury to his left hand when he slipped on a wet surface and caught himself with his left hand (DN 1, Attach., p. 21). He sought treatment from the nursing staff, but claims he was denied any relief due to the doctor's alleged instructions to the nurses not to disturb him unless "it was life threatening" (DN 1, Compl., p. 7).

---

[1] The plaintiff complaint appears to contain an error as he states that the situation giving rise to the instant action commenced when he was injured on November 25, 200**5**. From a review of the attachments, however, it is clear that he sustained the injury about which he complains on November 25, 2004.

On December 16, 2004, the plaintiff was taken to the emergency room at Western Baptist Hospital where he was examined by Dr. Brian T. Hawkins (DN 1, Attach., p. 21). X-rays taken of the plaintiff's hand revealed a fracture in his left fifth finger, and Dr. Hawkins noted that callus formation had occurred, which prevented him from providing complete medical treatment for the injury. *Id.* According to the plaintiff's grievance, Dr. Hawkins informed the plaintiff that not much could be done for the finger given that the bone had begun healing. *Id.* at 75. A nurse in the emergency also told the plaintiff that he should have sought medical treatment sooner. *Id.*

The following day, the plaintiff filed his first grievance, No. 04-12-005-HP (DN 1, Attach., pp. 74-75). He specifically claims that he filed the grievance because of the statements made to him by the treating physician and nurse at Western Baptist Hospital. *Id.* He explains that he sought treatment the day after sustaining the injury only to be told by an unidentified officer that no nurse was available to see him. *Id.* at 78. Other medical personnel, not named in this action, indicated that he needed medical treatment. His grievance alleges that his injury was ignored until December 16, 2004, when Nurse Hiland examined his hand and ordered x-rays. His grievance also notes that he did not see either of the Hilands until the 15th or 16th of December. According to the informal resolution of his grievance, the plaintiff was deemed at fault for the delay in treatment because he had been directed to seek medical attention from the physicians making rounds but did not do so until December 15, 2004. *Id.* at 76.

On January 10, 2005, Dr. Burton Stodgill performed surgery on the plaintiff's left hand to fix the improperly healed fracture. Following surgery, the plaintiff was returned to KSP with a prescription for the pain medication Lortab (DN 1, Attach., pp. 32-33, 45). When Dr. Hiland substituted hydrocodone/acetaminophen for Lortab, the plaintiff filed a second grievance. *Id.* at

45, 84-85. The plaintiff filed a third grievance, charging Warden Haeberlin with ignoring his medical needs by "letting Dr. Steve Highland overrule the medication" prescribed by his surgeon. *Id*. at 75.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also*

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

To state a cause of action under § 1983 for the deprivation of adequate medical treatment, a plaintiff must show that the offending parties acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97 (1976); *Terrance v. Northville Reg. Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (The alleged acts or omissions of the official must be "sufficiently harmful to evidence deliberate indifference to serious medical needs.").

An Eighth Amendment claim is comprised of two components. One is objective; one is subjective. To satisfy the objective component, a plaintiff must allege that the medical need he possesses is "sufficiently serious." *Comstock v. McCreary,* 273 F.3d 693, 702 (6th Cir. 2002). With respect to the subjective component, the plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703. A mere difference of opinion between the inmate and the prison medical official concerning diagnosis or treatment does not constitute a constitutional violation, *id.* at 107, and "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Terrance*, 286 F.3d at 843 (quoting *Estelle*, 429 U.S. at 106).

Here, the court concludes that the plaintiff failed to allege facts that establish the requisite deliberate indifference to his serious medical needs. He certainly states no facts that established

4

that Nurse Hiland herself was deliberately indifferent to his serious medical needs. It was not until December 16, 2004, that she examined his hand. On that same date, he was transferred to the emergency room for treatment and follow-up surgery.

As for Dr. Hiland, the plaintiff essentially disagrees with his medical opinion and course of treatment. The plaintiff does *not* allege that he was deprived of pain medication but only of the medication of his own choosing. Prisoners do not possess a constitutional right to pain medication of their own choice. Finally, with respect to Warden Haeberlin, the plaintiff seeks to hold him liable because he did not direct Dr. Hiland to prescribe Lortab. Again, such facts fail to establish that the warden was deliberately indifferent to the plaintiff's serious medical needs.

Because the plaintiff failed to state a cognizable cause of action under § 1983, the court will dismiss this case by separate order.

Date:

cc:     Plaintiff *pro se*
        Defendants
        4413.002